AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>INFORMATION ASSOCIATED WITH bebotbona@gmail.com<br>THAT IS STORED AT PREMISES CONTROLLED BY GOOGLE, LLC | Case No. 4:22 MJ 8017 SRW |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the **NORTHERN** District of **CALIFORNIA**
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B**

**YOU ARE COMMANDED** to execute this warrant on or before **February 3, 2022** *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to **Honorable Stephen R. Welby**.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: **January 20, 2022 at 11:21 a.m.**   _____
*Judge's signature*

City and state: **St. Louis, MO**   **Honorable Stephen R. Welby, U.S. Magistrate Judge**
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** ||| 
|---|---|---|
| Case No.:<br>4:22 MJ 8017 SRW | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

*Executing officer's signature*

_____

*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with **bebotbona@gmail.com** that is stored at premises owned, maintained, controlled, or operated by GOOGLE, LLC, a company headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

## ATTACHMENT B

## Particular Things to be Seized

**I.     Information to be disclosed by Google (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is stored, held, or maintained inside or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a. The content of all communications sent to or from the Subject Account (including through Gmail), stored in draft form in the Subject Account, or otherwise associated with the Subject Account, including all message content, attachments, and header information.

b. All address book, contact list, or similar information associated with the Subject Account.

c. All bookmarks maintained by the Subject Account.

d. All services used by the Subject Account;

e. All subscriber and payment information, including full name, email address (including any secondary or recovery email addresses), physical address (including city, state, and zip code), date of birth, gender, hometown, occupation, telephone number, websites, screen names, user identification numbers, security questions and answers, registration IP address, payment history, and other personal identifiers.

f. All past and current usernames, account passwords, and names associated with the

1

Subject Account.

g. The dates and times at which the Subject Account and profile were created, and the Internet Protocol ("IP") address at the time of sign-up.

h. All transactional records associated with the Subject Account, including any IP logs or other records of session times and durations.

i. Any information identifying the device or devices used to access the Subject Account, including a device serial number, a GUID or Global Unique Identifier, Android ID, a phone number, serial numbers, MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifiers ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), International Mobile Equipment Identities ("IMEI"), and any other information regarding the types of devices used to access the Subject Account.

j. All activity logs for the Subject Account.

k. The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number).

l. All privacy settings and other account settings, including email addresses or other accounts that the Subject Account has blocked.

m. For accounts linked by cookie, the date(s) on which they shared a cookie.

n. For accounts linked by SMS number, information regarding whether the numbers were verified.

o. Customer Correspondence: All records pertaining to communications between the Service Provider and any person regarding the user or the user's account with the Service Provider,

2

including contacts with support services, records of actions taken, and investigative or user complaints concerning the subscriber.

      p.      For all information required to be disclosed pursuant to this warrant, the physical location or locations where the information is stored.

**The Provider is hereby ordered to disclose the above information to the Government within 14 DAYS of the issuance of this warrant.**

      **II.**      **Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of violations of Title 18 U.S.C. § 1347 (healthcare fraud), § 1343 (wire fraud), § 371 (conspiracy to solicit/receive healthcare kickbacks), § 1957 (money laundering), §§ 371, 1349, 1956(h) (conspiracy to commit wire fraud, health care fraud, and money laundering), and Title 42 U.S.C. § 1320a-7b (solicit/receive healthcare kickbacks), occurring from January 1, 2020 to August 4, 2021, including, for the Subject Account listed on Attachment A, information pertaining to the following matters:

(a) all documents sent or received by Rafael Bona that relate or refer to genetic tests, including CGx and PGx tests;

(b) all documents that refer or relate to marketing by Rafael Bona, Prime Health Partners, individuals employed by Prime Health Partners or Rafael Bona, or individuals or businesses with whom Prime Health Partners or Rafael Bona contracted to market health care services and items;

(c) all documents that refer or relate to contracts or agreements between Rafael Bona or Prime Health Partners and Elite Lab Solutions, dba Diax Labs; Advanta Lab, CCMG Enterprises, dba Clear Path; Bear Medical Group; Amanda Cramer LLC;

3

      Midwest Marketing; Clear Care Vital; Fadel Alshalabi; Karandeep Pujji; and Jerry Leech;

(d) all documents that refer or relate to payments solicited, received, offered, or paid by Prime Health Marketers or Rafael Bona for health care services or items referred by or to labs, telemedicine providers, and other health care providers;

(e) information indicating how and when the Subject Account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime(s) under investigation and to the email account owner;

(f) the identity of the person(s) who created or used the Subject Account, including records that help reveal the whereabouts of such person(s).

This warrant authorizes a review of electronically stored information, communications, other records, and information disclosed pursuant to this warrant to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any United States personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, analysts, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agents may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the United States and their support staff for their independent review.

# **CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)**

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by GOOGLE, LLC, and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of GOOGLE, LLC. The attached records consist of _____ **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**. I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of GOOGLE, LLC, and they were made by GOOGLE, LLC as a regular practice; and

b. such records were generated by GOOGLE, LLC'S electronic process or system that produces an accurate result, to wit:

   1. the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of GOOGLE, LLC in a manner to ensure that they are true duplicates of the original records; and

   2. the process or system is regularly verified by GOOGLE, LLC, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____   _____
Date                                                              Signature